RECEIVED
IN LAKE CHARLES, LA
JAN 23 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARY L. MORRIS | : | DOCKET NO. 06 CV 1874 |
| VS. | : | JUDGE MINALDI |
| CITY OF LAKE CHARLES, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 14] filed by The American National Red Cross ("the Red Cross") and Ralph Wright. The motion is unopposed.

## FACTS

On or about September 2, 2005, the plaintiff, Mary L. Morris, was working as a volunteer with the Red Cross, aiding displaced victims of Hurricane Katrina.[1] On that date, Morris and another volunteer transported an evacuee to several healthcare facilities to secure medical treatment and prescription drugs.[2] The activities of the evacuee caused the Lake Charles Police to become suspicious that the evacuee was altering prescription requests.[3]

Three Lake Charles Police officers then approached Morris, who explained that she was a Red Cross volunteer and was providing assistance to a Hurricane Katrina evacuee.[4] Allegedly without cause, the officers arrested Morris and charged her for battering a police officer, resisting

---

[1] Petition ¶ 2.

[2] *Id.* at ¶ 3.

[3] *Id.*

[4] *Id.* at ¶ 5.

an officer, and violating controlled dangerous substances law.[5] Morris was then placed in jail.[6]

Morris filed suit in state court against several defendants including, the Red Cross[7] and Ralph Wright, the director of the Southwest Louisiana chapter of the Red Cross. Morris alleges, *inter alia*, that the Red Cross (1) failed to protect her from an unreasonable risk of harm, (2) failed to provide assistance by contacting her family when she was jailed, (3) failed to render assistance in getting her out of jail, and (4) failed to "establish a screening process" that would have informed her that the evacuee had a criminal history. The action was subsequently removed to federal court.

## RULE 12(b)(6) STANDARD

Rule 12(b) states, "[I]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The mover did not introduce matters outside the pleadings in this case, therefore the court will consider this a Rule 12(b) motion.

On a Rule 12(b)(6) motion, the court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161 (1993). The motion will be denied if the allegations support relief on any

---

[5] *Id.* at ¶ 6.

[6] *Id.* at ¶ 7.

[7] The American National Red Cross was substituted for The American Red Cross of Southwest Louisiana as the proper defendant.

2

possible theory. *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994). The court will "bend over backwards to avoid granting a 12(b) motion to dismiss." *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993). With regard to pro se litigants, "[i]t is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Calhoun v. Hargrove*, 312 F.3d 730, 733-734 (5th Cir. 2002) (citations and internal quotations omitted).

"[T]he district court's inquiry typically is directed simply to the question whether the allegations constitute a statement of a claim for relief under Rule 8(a)." 5B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 1998); *Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163. All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957)) (internal quotations omitted).

There is no requirement that the plaintiff "set out in detail the facts upon which she bases her claim." *Id*. General factual allegations are sufficient and the court "will presume that general allegations embrace those specific facts that are necessary to support the claim." *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137 (1992)). However, conclusory allegations concerning the legal effect of the events alleged do not have to be accepted by the court. WRIGHT, MILLER & COOPER, *supra* at § 1357.

## ANALYSIS

In cases of alleged negligence, Louisiana employs the duty/risk analysis to determine whether to impose liability. *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321 (La. 1994). There are five essential elements of a negligence claim under Louisiana's duty-risk analysis: (1) that the defendant's conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (2) that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) that the defendant had a duty to conform his conduct to a specific standard (the duty element); (4) that the defendant's conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) that the plaintiff suffered actual damages (the damages element). *See, e.g., Goins v. Wal-Mart Stores, Inc.*, 800 So.2d 783, 788 (La. 2001) (citing *Perkins v. Entergy Corp.*, 782 So.2d 606, 611 (La. 2001)).

The Red Cross and Wright assert that they owed no duty to protect Morris from the alleged injury. Specifically, they argue that Louisiana law imposes no duty to protect against the criminal propensities of third parties where no prior knowledge of criminal propensities exists. They further contend that a charity does not owe its volunteers a duty to contact family members or render assistance when a volunteer is arrested for criminal conduct.

"Louisiana law is clear that no duty to protect against or control the actions of a third party exists unless the defendant has a 'special relationship' with the victim. *Mixon v. Davis*, 732 So.2d 628, 631 (La.App. 2d Cir. 1999) (citing *Hackett v. Schmidt*, 630 So.2d 1324, 1328 (La.App. 4th Cir. 1993); *Enterprise Transportation Co. v. Veals*, 532 So.2d 917, 921 (La.App. 5th Cir.1988)). A special relationship has been found to exist, for example, between innkeepers and their patrons,

4

teachers and students, and parents and their children. *See* FRANK L. MARAIST & THOMAS C. GALLIGAN, LOUISIANA TORT LAW § 5-7(a). There is no precedent for such a duty between a charity and a volunteer, especially in a time of grave emergency.

Similarly, neither the Red Cross nor Wright owed Morris a duty to contact her family or render assistance after she was arrested and jailed. It would be entirely unreasonable to impose upon the Red Cross or its officers such a duty when a volunteer is arrested for her own alleged criminal conduct. Again, this is especially so considering the state of emergency created by Hurricane Katrina.

Accordingly, the plaintiff's claims against the Red Cross and Ralph Wright will be dismissed.

Lake Charles, Louisiana, this 23 day of January, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE