U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV - 1 2007

ROBERT H. SHEMWELL, CLERK
BY _____
           DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARY L. MORRIS | : | DOCKET NO. 2:06 CV 1874 |
| VS. | : | JUDGE MINALDI |
| CITY OF LAKE CHARLES; LAKE CHARLES POLICE DEPARTMENT; AMERICAN RED CROSS OF SOUTHWEST LOUISIANA AND RALPH WRIGHT | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 37] filed on behalf of

defendants City of Lake Charles and Lake Charles Police Department ("the defendants"). The

plaintiff, Mary L. Morris ("Morris"), filed a Memorandum in Opposition [doc. 40].

### BACKGROUND

Morris filed her suit in September 2, 2005 in the 14th Judicial District Court claiming "an

illegal arrest."[1]  On October 20, 2006, defendants American Red Cross and Ralph Wright filed a

motion to remove to federal district court, pursuant to 28 U.S.C. § 1446(d).[2]  On October 26,

defendants Lake Charles Police Department and City of Lake Charles filed a Consent to

Removal.[3]  On January 23, 2007, defendants American Red Cross and Ralph Wright were

---

[1] Compl.

[2] Notice of Removal to Federal Court [doc. 8].

[3] Consent to Removal [doc. 11].

1

dismissed as defendants under Federal Rule 12(b)(6).[4]

Morris appealed the dismissal decision to the Fifth Circuit, which issued a judgment stating that federal appellate courts do not exercise jurisdiction over non-dispositive orders, pursuant to 28 U.S.C. §§ 1291, 1292.[5] Such orders that dismiss fewer than all of the claims or parties in litigation are not appealable unless the district court has certified the order for appeal under F. R. CIV. PRO. 54(b).[6] Because the district court did not certify the order for appeal under F. R. CIV. PRO 54(b), the district court dismissal represents the final order for this matter.

## LAW AND ANALYSIS

When district courts have original jurisdiction over a civil action, the district court shall also have supplemental jurisdiction over all claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may, however, decline to exercise supplemental jurisdiction over a claim in four circumstances. *Id.* § 1367(c). One of these exceptions provides that the district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it had original jurisdiction." *Id.* § 1367(c)(3). When the court has dismissed the only basis for federal jurisdiction before trial, the court should decline jurisdiction over the pending state claims. *See e.g., Williams v. Wilson*, 939 F. Supp. 543, 550 (W.D. Tex. 1995). Moreover, the Supreme Court

---

[4] Judgment Ordering the Claims of American Red Cross of Southwest Louisiana and Ralph Wright are Dismissed [doc. 17].

[5] Fifth Circuit Order [doc. 31].

[6] *Id.*

2

has stated that when a single federal law claim is dismissed early in litigation, the district court has a "powerful reason to choose not to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Here, the federal district court had original jurisdiction over the American Red Cross pursuant to 28 U.S.C. § 1331 and Supreme Court precedent that the charter of the Red Cross conferred original federal jurisdiction over all cases to which the Red Cross is a party. *The American Nat'l Red Cross v. S.G.*, 505 U.S. 247 (1992). Following the dismissal of defendants American Red Cross and Ralph Wright, which constitutes a final order, there are no remaining claims over which this court has original jurisdiction. The remaining claims are between non-diverse parties and arise under Louisiana state law. Thus, it is appropriate for this court to decline jurisdiction over the remaining claims.

Thus, this court declines to exercise supplemental jurisdiction over Morris' remaining claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, Morris' claims are dismissed without prejudice and the defendants' motion for summary judgment is moot. Pursuant to 28 U.S.C. § 1367(d), the period of limitations for Morris' claims against the defendants are tolled while the claim is pending and for a period of thirty (30) days after it is dismissed, unless State law provides for a longer tolling period.

Lake Charles, Louisiana, this ___ day of ___ October ___, 2007

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE